FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNFA LI,<br><br>              Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-73084<br><br>Agency No. A088-574-751<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

    Junfa Li, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Relying on evidence that Li lived safely in other parts of China for 20 years before coming to the United States, the agency found that even if Li suffered past persecution his presumption of a well-founded fear of future persecution was rebutted because Li could reasonably relocate to another part of China.  Substantial evidence supports the agency's finding.  *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (presumption is overcome where a preponderance of the evidence shows "that the applicant can reasonably relocate internally to an area of safety"); *Gonzalez-Hernandez*, 336 F.3d at 999 (a period of relocation without harm is "highly relevant").

Because Li did not demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Li failed to demonstrate it is more likely than not he will be tortured by or

with the consent or acquiescence of the government if returned to China. *See*

*Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**